## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

TERRY LEE GEORGE, #457849,

      Petitioner,                   Civil No. 2:08-CV-13254
                                     HONORABLE ANNA DIGGS TAYLOR
v.                                 UNITED STATES DISTRICT JUDGE

THOMAS BELL,

      Respondent,
_____/

## OPINION AND ORDER DENYING PETITION
## FOR WRIT OF HABEAS CORPUS

      Terry Lee George, ("petitioner"), presently on parole supervision with the Michigan Department of Corrections through the Cass County Parole and Probation Office, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In his *pro se* application, petitioner challenges his conviction and sentence for operating a motor vehicle while impaired(OWI), M.C.L.A. 257.625(3); malicious destruction of police property, M.C.L.A. 750.377b; and being a second felony habitual offender, M.C.L.A. 769.10.  For the reasons stated below, the petition for writ of habeas corpus is **DENIED.**

### I.  Background

      Petitioner was convicted of the above offenses following a jury trial in the Cass County Circuit Court.  Petitioner was sentenced to 36 to 90 months on the OWI conviction and two to six years on the malicious destruction of police property conviction.

1

Petitioner's conviction was affirmed on appeal. *People v. George,* No. 264765 (Mich.Ct.App. July 30, 2007); *lv. den.* 479 Mich. 862; 735 N.W. 2d 260 (2007).

Petitioner seeks a writ of habeas corpus on the following grounds:

I.  Reversible error occurred when the trial judge misled the jury by instructing them that driving while impaired was a "lesser" offense within [the offense of] operating a vehicle while intoxicated and Defendant was denied his right to effective assistance of counsel by his attorney's failure to object to the instruction.

II.  Defendant was denied his right to be sentenced on the basis of accurate information and his right to effective assistance of counsel and re-sentencing is necessary because of numerous errors in his pre-sentence report and the scoring of his sentencing guidelines.

III.  The trial court lacked jurisdiction or authority to change the jury's verdict from DWI to OUIL, second offense; the judgment of conviction and sentence must be corrected and Defendant must be re-sentenced.

IV.  The order of restitution should be vacated or stayed until resolution of the civil suit filed against Defendant for the exact same expenses.

## II.  Standard of Review

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

2

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

## III.  Discussion

### A.  Claim # 1.  The jury instruction/ineffective assistance of counsel claim.

Petitioner first claims that the trial court erred in instructing the jurors that operating while impaired (OWI) was a lesser included offense of the original charge of operating under the influence of liquor (OUIL). Petitioner further contends that the trial court's reference to OWI as a "less serious offense" misled the jury into believing that petitioner faced a lesser penalty if they convicted him of OWI rather than OUIL, when the penalties for the two offenses are the same.

The Michigan Court of Appeals rejected petitioner's claim, noting that under Michigan law, OWI is a necessarily included lesser offense of OUIL. *George,* Slip. Op. at * 1 (citing *Oxendine v. Secretary of State*, 237 Mich.App 346, 354; 602 N.W. 2d 847 (1999)). The Michigan Court of Appeals further noted that the Michigan Legislature had

3

specifically authorized a guilty verdict for OWI in OUIL prosecutions. *Id.* (citing M.C.L.A. 257.625(3)).  Therefore, the trial court did not err in instructing the jury that OWI is a necessarily included lesser offense of OUIL. *Id.*   Additionally, because OWI is a lesser offense of OUIL, the trial court did not err in referring to the offense as such. *Id. (Citing People v. Torres (On Remand)*, 222 Mich. App 411, 422-423; 564 N. W. 2d 149 (1997)).  Finally, to the extent that the judge's instruction implied that OWI carried a lesser penalty than OUIL, the jury was instructed not to allow possible penalties to influence its decision.  Therefore, petitioner could not establish that the trial court's comments, even if misleading, affected his substantial rights. *Id.*

An erroneous jury instruction warrants habeas corpus relief only where the instruction "'so infected the entire trial that the resulting conviction violates due process.'" *Estelle v. McGuire*, 502 U.S. 62, 72 (1991) (*quoting Cupp v. Naughten*, 414 U.S. 141, 147 (1973)).  "[I]t must be established not merely that the instruction is undesirable, erroneous, or even 'universally condemned', but that it violated some [constitutional] right'". *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)).

Although a defendant's due process rights may be violated if a jury is instructed on an offense not included in the information or the indictment and the defendant did not have notice that he might be charged with that offense, an instruction on a lesser included offense may be given even over the defendant's objection, because a defendant has sufficient notice when charged with the greater offense that he may also have to defend against the lesser included offense. *See Seymour v. Walker,* 224 F. 3d 542, 558

4

(6th Cir. 2000)(collecting cases).  As noted above, OWI is a necessarily lesser included offense of OUIL in Michigan. *Oxendine*, 237 Mich.App at 354.  Because OWI is a necessarily lesser included offense of OUIL, the trial court did not violate petitioner's due process rights by instructing the jury on OWI as a lesser included offense, even though it was not requested by petitioner. *Seymour,* 224 F. 3d at 558.

Petitioner further contends that his trial counsel was ineffective for failing to object to the OWI instruction.  In light of the fact that the Michigan Court of Appeals determined that the trial court's instructions on OWI were proper under Michigan law, petitioner is unable to establish that counsel was ineffective for failing to object to the instructions as given. *See Davis v. Morgan,* 89 Fed. Appx. 932, 936-37 (6th Cir. 2003). Petitioner is not entitled to habeas relief on his first claim.

**B.  Claim # 2.  The sentencing claim.**

Petitioner next claims that the trial court miscored several offense variables under the Michigan Sentencing Guidelines.  Petitioner further contends that counsel was ineffective for failing to object to several of the offense variables.  Lastly, petitioner contends that there are several errors contained in the criminal history section of his pre-sentence report.

Petitioner's sentences were within the statutory limit under Michigan law for the crimes of OWI, malicious destruction of police property, and being a second felony habitual offender.  A sentence imposed within the statutory limits is not generally subject to habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F.

5

Supp. 2d 788, 797 (E.D. Mich. 1999).  A sentence within the statutory maximum set by statute does not normally constitute cruel and unusual punishment. *Austin v. Jackson*, 213 F. 3d 298, 302 (6th Cir. 2000).  Claims which arise out of a state trial court's sentencing decision are not normally cognizable on federal habeas review, unless the habeas petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law. *See Lucey v. Lavigne,* 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001).

Petitioner's claim that the state trial court incorrectly scored or calculated his sentencing guidelines range under the Michigan Sentencing Guidelines is not a cognizable claim for federal habeas review, because it is basically a state law claim. *See McPhail v. Renico,* 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006).  Petitioner has no state-created interest in having the Michigan Sentencing Guidelines applied rigidly in determining his sentence. *See Shanks v. Wolfenbarger,* 387 F. Supp. 2d 740, 752 (E.D. Mich. 2005); *See also Lovely v. Jackson,* 337 F. Supp. 2d 969, 977 (E.D. Mich. 2004). Petitioner's claim that several offense variables of the Michigan Sentencing Guidelines was incorrectly scored fails to state a claim upon which habeas relief can be granted. *Shanks,* 387 F. Supp. 2d at 752*; Cook,* 56 F. Supp. 2d at 797.  "[I]n short, petitioner had no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt,* 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004).  Any error by the trial court in calculating his guideline score or in departing above his sentencing guidelines range alone would not merit habeas relief. *Id.; See also*

6

*Kopsolias v. Davis,* No. 2007 WL 201024, * 2 (E.D. Mich. January 23, 2007).

As a related claim, petitioner claims that counsel was ineffective for failing to object to several of the allegedly erroneously scored sentencing guidelines. However, the Michigan Court of Appeals reviewed all of the offense variables and determined that they were properly scored. *George,* Slip. Op. at * 2-5. The Michigan Court of Appeals further concluded that because there was support for scoring these offense variables, counsel was not ineffective for failing to object to their scoring. *Id.* at * 5. Because petitioner has failed to show that his counsel acted deficiently with respect to the scoring of the guidelines, his ineffective assistance of counsel claims fails. *See Bridinger v. Berghuis,* 429 F. Supp. 2d 903, 911 (E.D. Mich. 2006).

Petitioner lastly contends that the trial court failed to correct several factual errors contained in the criminal history section of his pre-sentence report. There is no federal constitutional right to a pre-sentence investigation and report. *Allen v. Stovall*, 156 F. Supp. 2d 791, 797 (E.D. Mich. 2001)(internal citation omitted). Therefore, the mere presence of hearsay or inaccurate information in a pre-sentence report does not constitute a denial of due process so as to entitle a petitioner to habeas relief. *Id.* Moreover, petitioner's claim that the trial court failed to correct the inaccuracies in his pre-sentence report, in violation of M.C.R. 6.429, is noncognizable in federal habeas review, because it involves an issue of state law. *See e.g. Koras v. Robinson,* 257 F. Supp. 2d 941, 955 (E.D. Mich. 2003); *aff'd in part and rev'd in part on other grds,* 123 Fed. Appx 207 (6th Cir. 2005). Petitioner is not entitled to habeas relief on his second claim.

### C.  Claim # 3.  The amendment of judgment claim.

In his third claim, petitioner contends that the trial court improperly amended the judgment of sentence after it had been entered by changing petitioner's OWI conviction to an OUIL conviction.

Petitioner was originally charged with operating a vehicle while intoxicated in violation of M.C.L.A. 257.625(1), but convicted of driving while visibly impaired, in violation of M.C.L.A. 257.625(3).  Petitioner's original judgment of sentence referred to his conviction as being "Operating-Impaired" in violation of "257.6253A."  The trial court subsequently amended petitioner's judgment of sentence to refer to this offense as "Oper-OUIL/Per Se 3rd Offn" in violation of "257.6256D."

In rejecting petitioner's claim, the Michigan Court of Appeals noted that petitioner's original judgment of sentence and the amended judgment of sentence permissibly reference the Prosecuting Attorney Charging Codes (PACC) and not the Michigan Compiled Laws, and that 257.6256D is the correct PACC for petitioner's OWI offense.  The transcript of the trial proceedings clearly reflected that petitioner was convicted of, and sentenced for, OWI and not OUIL.  The Michigan Court of Appeals noted that petitioner's sentence is consistent with M.C.L.A. 257.625(11), applicable when a defendant is convicted of OWI within ten years of two or more prior convictions. The Michigan Court of Appeals ruled that the trial court's amendment of the judgment of sentence to correct a clerical mistake in the applicable PACC for petitioner's OWI conviction did not operate to vacate or amend the jury's verdict, or to change petitioner's

8

sentence in any substantive manner.  Therefore, the trial court did not exceed its

authority or jurisdiction in correcting petitioner's judgment of sentence. *George,* Slip.

Op. at * 5-6.

In the present case, the state trial court's correction of a clerical error in the

judgment of sentence so as to correctly reflect the provisions of judgment previously

entered was not a substantive change in judgment and would therefore not entitle

petitioner to habeas relief. *See Saunders v. Buckhoe*, 346 F. 2d 558, 559 (6th Cir. 1965).

Petitioner is not entitled to habeas relief on his third claim.

### D.  Claim # 4.  The restitution claim.

Petitioner lastly claims that the trial court's restitution order should be vacated or

stayed until a civil suit against him for the same expenses is resolved.

Petitioner does not state a claim upon which federal habeas relief can be granted.

Where a habeas petitioner is not claiming the right to be released but is challenging the

imposition of a fine or other costs, he or she may not bring a petition for writ of habeas

corpus. *United States v. Watroba*, 56 F. 3d 28, 29 (6th Cir. 1995).  Continuing liability

under a restitution order is like a fine-only conviction and is not a serious restraint on

liberty as to warrant habeas relief.  *Barnickel v. United States*, 113 F. 3d 704, 706 (7th

Cir. 1997)(quoting *Tinder v. Paula*, 725 F. 2d 801, 805 (1st Cir. 1984)); *See also Flores

v. Hickman,* 533 F. Supp. 2d 1068, 1085 (C.D. Cal. 2008).  Because the appropriate

relief would be an amendment of the court's order of restitution and not release from

custody, the grant of a writ of habeas corpus or other postconviction relief would be

9

inappropriate. *United States v. Zaragoza*, 16 F. Supp. 2d 1111, 1112 (N.D. Ind. 1998).

Petitioner's current restitution order is not a sufficient enough restraint on his liberty so as to warrant habeas relief.  Moreover, petitioner still has available state remedies if he is unable to pay this restitution.  Under M.C.L.A. 780.766 (9), any amount paid by a defendant in a restitution order shall be offset against any amount that is later recovered as compensatory damages by a victim of any civil proceeding.  Petitioner is not entitled to habeas relief on his fourth claim.

## IV.  ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE.**


DATED:  June 9, 2009                    **s/Anna Diggs Taylor**
                                        ANNA DIGGS TAYLOR
                                        UNITED STATES DISTRICT JUDGE

---

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order of Dismissal was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on June 9, 2009.

Terry Lee George #457849
Cass County Parole/Probation Office
Cass County Buiding
Courthouse-2nd Floor
120 N. Broadway, Room 218
Cassopolis, MI 49031                    s/Johnetta M. Curry-Williams
                                        Case Manager